UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Paul Katz<br>61 Barnyard Lane<br>Roslyn Heights, NY 11577, | ) Case No. _____<br>)<br>) |
| | ) Judge _____<br>) |
| Plaintiff, | )<br>) **VERIFIED COMPLAINT FOR**<br>) **PRELIMINARY AND PERMANENT** |
| -vs- | ) **INJUNCTIVE RELIEF, MONEY**<br>) **DAMAGES AND APPOINTMENT OF A**<br>) **RECEIVER WITH JURY DEMAND** |
| Jeffrey E. Simenski<br>120 Oak Street<br>Rossford, OH  43460 | )<br>)<br>) |
| and | )<br>) |
| Blaine J. Stobinski<br>1474 Beddington Street<br>Temperance, MI  48182 | )<br>)<br>)<br>) |
| and | )<br>) |
| Prestige Store Interiors, Inc.<br>4500 N. Detroit Ave.<br>Toledo, OH  43612, | )<br>)<br>)<br>) |
| Defendants. | ) |

\*     \*     \*

This is an action for declaratory relief, preliminary and permanent injunction, appointment of a receiver and monetary damages.

1.      Plaintiff Paul Katz ("Katz") is a resident of Roslyn Heights, New York, and is currently a shareholder holding one-third (1/3) of the issued and outstanding shares of voting, common stock (the "Common Stock") in Prestige Store Interiors, Inc. ("Prestige").  Katz is currently a member of the Board of Directors of Prestige (the "Board").

2.      Defendant Jeffrey E. Simenski ("Simenski") is a resident of Rossford, Ohio and currently owns one-third (1/3) of the issued and outstanding shares of Common Stock of Prestige.  Simenski currently is the President of Prestige and also is a member of the Board.

3.      Defendant Blaine J. Stobinski ("Stobinski") is a resident of Temperance, Michigan and currently owns the remaining one-third (1/3) of the issued and outstanding shares of Common Stock of Prestige.  Stobinski currently serves as Secretary/Treasurer of Prestige and also is a member of the Board.

4.      Prestige is an Ohio corporation with its principal place of business in Toledo, Ohio at the address listed in the caption.

5.      Plaintiff and the two individual defendants hold all shares of Prestige.  Plaintiff and the two individual defendants constitute the entire Board of Prestige.

6.      This action is brought both as a direct action by Katz as a shareholder and as a derivative action under Federal Civil Rule 23.1 on the basis more fully explained herein.

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the action is between citizens of different states and is for an amount in controversy in excess of $75,000.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and where the property that is subject to this action is situated.

## FACTUAL BACKGROUND

9.      Prestige is in the business of manufacturing and selling quality wood display racks to high end retail stores for use in the marketing and sale of clothing and other merchandise.

10.     Since early in 2006, the corporation has operated with three equal shareholders, Katz, Simenski and Stobinski.  Prior to December 2008, the shareholders never adopted or approved a Code of Regulations.

11.     In 2006, the salaries for each shareholder were agreed to between the shareholders with salaries of $90,000 per annum for Simenski and Stobinski and $25,000 per annum for Katz.  Sometime after 2007, without any formal action by the shareholders or approval of the Board, Simenski and Stobinski increased their salaries to $125,000 per annum.  Katz did not even receive notice of this salary increase and only became aware of it as a result of events giving rise to this lawsuit.

12.     Since the corporation first began operating with three equal shareholders, any excess earnings after payment of all salaries and expenses and projected needs for operating capital generally were distributed equally to the three shareholders.

13.     At no time prior to December, 2008 were any bonuses paid to any employee shareholders.

14.     In the fall of 2008, Simenski and Stobinski indicated that they had retained counsel for Prestige to draft a Code of Regulations and issue share certificates and comply with other corporate formalities.

3

15.    A shareholders' meeting was called on December 19, 2008 for the ostensible purpose of adopting a Code of Regulations, that was adopted at this meeting by the unanimous vote of the shareholders.  The shareholders also elected Simenski, Stobinski and Katz as the three directors for Prestige.

16.    A Board of Directors meeting was then immediately held in which Simenski was elected President and Stobinski Secretary/Treasurer, and share certificates were issued to the shareholders.  The directors' meeting then continued to consider the financial position of the company, which reflected $2.7 million in retained earnings after the close of 2008 and approximately $1,000,000 in profits for the year ended December 31, 2008, before the payment of any bonuses to employee shareholders.  The directors then voted to award approximately 70% of these profits as "bonuses" of $350,000 to Simenski and $350,000 to Stobinski, which resolution was objected to by plaintiff Katz, but passed based on the 2-1 vote of Simenski and Stobinski in favor of the resolution (attached as Exhibit A).  Katz objected to the awarding of bonuses as he regarded it as a pretext to distribute the profits of the corporation to two shareholders, while distributing none of the profits to Katz as the third equal shareholder.  After the payment of the unlawful bonuses to Simenski and Stobinski, profit for 2008 was reduced to less than $400,000.00 (little more than half of the amount of the approved bonuses).

17.    Discussions between the parties ensued in January of 2009 resulting in an agreement to escrow the net amount of the bonuses after payment by the intended recipients of federal and state income taxes due in connection with the receipt of the bonus amounts, a copy of which agreement is attached as Exhibit B.  This Agreement

4

was extended periodically until May 18th, 2009, at which time it was extended until such time as Stobinski and Simenski provide Katz with 14 days prior notice of their intent to distribute the bonuses.

18.    Since January of 2009, the parties have unsuccessfully attempted to negotiate the sale of Katz' minority interest to Simenski and Stobinski, jointly working together as the controlling shareholders.

19.    Throughout the course of 2009, Simenski and Stobinski have also refused to distribute a significant portion of the earnings from 2009 to the shareholders as was the course in prior years.

## FIRST CLAIM FOR RELIEF
### Breach of Fiduciary Duty

20.    Plaintiff incorporates paragraphs 1 through 19 as if fully restated herein.

21.    Simenski and Stobinski, acting together, control two-thirds (2/3) of the shares of Prestige.  As such, when acting in concert, they control the corporation.  As controlling shareholders in a close corporation, Simenski and Stobinski owe the highest duty of loyalty to Katz, precluding them from using their control of the corporation for their own advantage without providing Katz with an equal opportunity to benefit.

22.    Since early 2006, Katz as a one-third shareholder in Prestige has continually requested various financial records, including itemized information regarding expenses from the controlling shareholders.  At no time since March of 2006 has this information been provided.

23.    Without a formal appointment of directors and without a vote of shareholders, Simenski and Stobinski at some time after January 2007, acting in concert, increased their salary to $125,000 and never disclosed this to Katz.

24.     At repeated occasions since 2006, Katz has requested involvement in contacts with key customers or potential customers.  Despite promises, Simenski and Stobinski have used their control of the corporation to completely block Katz from developing any customer relations for Prestige.

25.     In late 2008, Simenski and Stobinski schemed to gain and exercise this control through the official appointment of directors and adoption of a Code of Regulations by which they could then officially vote to approve exorbitant bonuses to be paid to them.

26.     While Katz, as a shareholder, voted for the appointment of directors and the adoption of the Code of Regulations, he was unaware at the time that the adoption of the Code of Regulations and appointment of directors was being used to fulfill the ulterior undisclosed purpose of Simenski and Stobinski to divert corporate profits to Simenski and Stobinski as bonuses, to the detriment of Katz.

27.     As the controlling shareholders acting in concert, Simenski and Stobinski owed a duty of loyalty and fiduciary duty to Katz, which included disclosing to Katz that the primary purpose for adopting the Code and appointing directors as of that date was to then immediately vote, as directors, on the payment of the exorbitant bonuses to Simenski and Stobinski, all to the detriment of Katz.

28.     At various times since Prestige's ownership by the three individuals, excess earnings above the operating expenses and necessary retained capital for operations were distributed equally to the individual shareholders.  There is no history of paying bonuses to employee shareholders.

29.     In violation of their duty of good faith and loyalty, Simenski and Stobinski have used their control as majority shareholders to personally benefit by increasing their salaries,

approving excessive bonuses, depleting Prestige of all excess retained earnings and precluding Katz from sharing equally in the net profits of the corporation through a valid distribution of those profits to the shareholders.

30.     Simenski and Stobinski have agreed in the interim not to disburse the balance of these awarded bonuses, but at all times have refused to rescind the resolution awarding these bonuses to Simenski and Stobinski, to the detriment of Katz.

31.     Despite requests, Simenski and Stobinski have, for a period of eight months, refused to distribute the excess earnings to the shareholders on an equal basis, thus causing Katz to incur tax liability on income earned for which he has received little cash.

32.     The actions of Simenski and Stobinski in increasing their salaries without notifying Katz, orchestrating the adoption of the Code of Regulations and appointment of directors without disclosing their real motive and purpose, voting to award themselves exorbitant bonuses, far in excess of the value of their services and contrary to all past history of the corporation, and refusing to disburse the retained earnings to the shareholders equally as dividends, again contrary to prior practice, constitute egregious breaches of their fiduciary duties to Katz as a minority shareholder.

33.     Katz has been damaged by (1) having to incur payments of income taxes on income allocated to him with respect to which he has received no cash; and (2) his failure to receive distributions of income from Prestige, even though the Cooperation has more than enough excess cash to justify the payment of dividends to shareholders.

34.     The actions of Simenski and Stobinski, acting in concert, were for the purpose of freezing Katz out of the company and denying him nearly all of the benefits of his one-third (1/3) ownership in Prestige.  Defendants' actions were for the primary purpose of forcing Katz to sell

his minority interest in Prestige and were done willfully, wantonly and maliciously, entitling Katz to punitive damages.

## SECOND CLAIM FOR RELIEF
### Preliminary and Permanent Injunctive Relief

35.     Plaintiff incorporates paragraphs 1 through 34 as if fully restated herein.

36.     The approved payment of bonuses to Simenski and Stobinski is a direct breach of their fiduciary duties to Katz.  If the payment is allowed to proceed, Katz will be irreparably harmed by the dissipation of the corporation's assets.  Once the payment is made, Katz has no assurance that the improper bonuses can be recovered after the funds have been disbursed to Simenski and Stobinski.

37.     Simenski and Stobinski have demonstrated that they will exercise their control of Prestige for their own direct benefit by increasing their salaries, declaring exorbitant bonuses and refusing to authorize the payment of dividends to all shareholders.  As Katz has been ousted from any involvement in the day-to-day operations of Prestige, Katz cannot adequately protect himself from further dissipation of Prestige's assets through Simenski and Stobinski's actions.

38.     The current agreement in place prohibits Simenski and Stobinski from distributing the bonuses until 14 days after the parties have reached an impasse on the purchase of Katz' shares.  When defendants determine this period has expired, Katz will have no adequate remedy to protect against the wrongful distribution of bonuses, without the Court enjoining Simenski and Stobinski from making such distributions.  Katz also has no adequate remedy at law to protect from the damages arising from further actions taken by Simenski and Stobinski for their benefit while they control Prestige.

39.     Katz is entitled to a preliminary and permanent injunction preventing Simenski and Stobinski from causing Prestige to disburse the excess declared bonuses, for an order

rescinding the resolution authorizing the bonuses, ordering Simenski and Stobinski to return the full amount of the bonuses, and for an order precluding Simenski and Stobinski from making any payments to themselves except reasonable salaries.

**THIRD CLAIM FOR RELIEF**
**Derivative Action**

40.    Plaintiff incorporates paragraphs 1 through 39 as if fully restated herein.

41.    Simenski and Stobinski, controlling the Board of Directors, authorized their bonuses consisting of excessive compensation and the unauthorized hidden payment of dividends contrary to the Code of Regulations and Ohio law.  Pursuant to Federal Civil Rule 23.1, Katz alternatively brings this action to enforce the rights of Prestige to recover the excessive bonuses paid to Simenski and Stobinski.

42.    Katz was a shareholder at all times related to the improper payment of bonuses.  Katz has demanded that Simenski and Stobinski return the bonuses to Prestige, which they have refused to do.

43.    No further demand has been made upon the directors or shareholders to bring this claim as such demand would be futile.

44.    Katz and the two defendants hold all shares of Prestige and constitute the entire Board of Directors.  Any action to recover these bonuses would be a direct action by Prestige against Simenski and Stobinski who control the Board of Directors.  There are no independent directors to enforce the corporation's rights.

45.    Simenski and Stobinski were the only beneficiaries of the improper bonuses.  As the controlling shareholders and the majority of the directors are directly

9

involved in the transaction for which plaintiff seeks recovery on behalf of Prestige, notice and demand for corporate action would be futile.

46.      Katz requests that the Court enter an order on behalf of Prestige requiring the repayment to Prestige by Simenski and Stobinski of the 2008 bonuses in the amount of $350,000 each.

### FOURTH CLAIM FOR RELIEF
### Payment of Dividends

47.      Plaintiff incorporates paragraphs 1 through 46 as if fully restated herein.

48.      Simenski and Stobinski have used their control of the majority shares of the corporation to block the payment of dividends from the excess earnings of Prestige to the detriment of Katz.

49.      Katz is entitled to an order requiring that the corporation disburse all excess retained earnings, as determined by an independent accountant, equally to the three shareholders.

### FIFTH CLAIM FOR RELIEF
### Restitution of Payment of Fees

50.      Plaintiff incorporates paragraphs 1 through 49 as if fully restated herein.

51.      The corporation retained the law firm of Rohrbachers, Light, Cron & Trimble Co., LPA, Nicholas J. Cron ("Cron") as corporate counsel.  Since at least January of 2009 and possibly earlier, Cron has provided legal services to Simenski and Stobinski individually, in their dispute with Katz.

52.      On information and belief, prior to January 2009, Cron has further advised Simenski and Stobinski on the payment of excess bonuses, the payment of dividends or distribution of retained earnings and on matters relating to the potential purchase of Katz' interest.

10

53.     Simenski and Stobinski have caused the legal fees for Cron's services to Simenski and Stobinski personally to be paid by Prestige.  These payments are without authorization under the Code of Regulations.

54.     By causing Prestige to pay for Simenski's and Stobinski's personal attorneys' fees, Simenski and Stobinski have further breached their fiduciary duty to Katz through the dissipation of corporate assets that could otherwise be used for payment of dividends.

55.     Katz is entitled to an order requiring Simenski and Stobinski to reimburse the corporation for all legal fees paid for services rendered to them individually as shareholders of Prestige.

### SIXTH CLAIM FOR RELIEF
#### Derivative Action

56.     Plaintiff incorporates paragraphs 1 through 55 as if fully restated herein.

57.     The payment of fees to Cron for personal services rendered to Simenski and Stobinski is in violation of the corporate Code of Regulations and without proper authority. Pursuant to Federal Civil Rule 23.1, Katz alternatively brings this action to enforce the right of Prestige to recover the improper payments of fees for Simenski and Stobinski.

58.     Katz was a shareholder at all times related to the improper payment of fees.

59.     Katz has requested that Simenski and Stobinski reimburse Prestige for fees paid on their behalf and personally pay all future fees incurred.

60.     No demand has been made upon the directors or shareholders to bring this claim as such demand would be futile.

61.     Katz and the two defendants hold all shares in Prestige and constitute the entire Board of Directors.  Any action to recover these fees would be a direct action by Prestige against

11

Simenski and Stobinski, who control the Board of Directors. There are no independent directors to enforce the corporation's rights.

62.     Simenski and Stobinski directly benefitted from the improper payments. As the controlling shareholders and the majority of the directors are directly involved in the transaction for which plaintiff seeks recovery on behalf of Prestige, notice and demand for corporate action would be futile.

63.     Katz requests that the Court enter an order on behalf of Prestige requiring the repayment by Simenski and Stobinski of all fees paid to Cron for their representation related to shareholder issues.

### SEVENTH CLAIM FOR RELIEF
### Demand for Documents

64.     Plaintiff incorporates paragraphs 1 through 63 as if fully restated herein.

65.     As a shareholder in Prestige, Katz is entitled to inspect various corporate records, including the corporation's books and records of account. *See* R.C. § 1701.37(C). As a current director of Prestige, Katz is entitled to full access to all the corporate records of Prestige. *See* R.C. § 1701.59.

66.     Katz has previously made demand for various records upon Cron, as counsel for the corporation. To date, all such requests for records and documents or information regarding the corporation have been ignored.

67.     Given the actions of Simenski and Stobinski in refusing to declare dividends and attempting to divert all profits to themselves through the awarding of excessive bonuses, Katz is concerned about the operations of Prestige under the control of Simenski and Stobinski.

68.     Katz is entitled to an order requiring Prestige to make available all of its books and accounts of record, including all financial records.

## EIGHTH CLAIM FOR RELIEF
### Accounting and Appointment of Receiver

69.     Plaintiff incorporates paragraphs 1 through 68 as if fully restated herein.

70.     Simenski and Stobinski have taken actions to attempt to divert assets to their own benefit and have refused to provide access to corporate records and financial information to Katz as a director and minority shareholder.

71.     Through a process of seeking independent valuation of the corporation, it has also come to light that certain improprieties have been taken in keeping the financial books and records for Prestige, which may subject Prestige to further losses and penalties.

72.     Katz requests that the Court appoint a receiver to oversee the financial records of Prestige to ensure that only payments in the ordinary course are made and that all books and records are kept in accordance with the appropriate laws and regulations.

WHEREFORE, plaintiff Paul Katz requests the following relief:

1.      For compensatory damages for Simenski's and Stobinski's breach of fiduciary duty including, but not limited to, the reasonable distribution from 2008 profits which should have been made to Katz as a one-third (1/3) shareholder, interest and consequential damages incurred by Katz because such dividends were not paid;

2.      For punitive damages in the amount of one million dollars.

3.      For an order requiring Simenski and Stobinski to reimburse Prestige for the excessive bonuses in the amount of $350,000 each for a total of $700,000.

4.      For a preliminary and permanent injunction enjoining Simenski and Stobinski from authorizing any payments to them individually including, but not limited to, the purported $350,000 2008 bonus for each of them, as well as any future payments to Simenski and Stobinski other than those for their ordinary and customary salary;

5.      For an order requiring Prestige to pay dividends of the retained earnings;

6.      For judgment against Simenski and Stobinski to reimburse Prestige for all sums they were paid for their personal legal counsel as it may relate to shareholder matters;

7.      For an order requiring Prestige to allow Katz access to all the books and records of the corporation;

8.      For an order appointing receiver to oversee the financials for Prestige including any and all payments requested to Simenski and Stobinski and to ensure that all laws and regulations are complied with as to the maintaining of Prestige's books and records;

9.      For prejudgment interest, post-judgment interest and costs and attorneys' fees; and

9.      All other relief to which plaintiff may be entitled as a matter of law or in equity.


                        /s/ Michael G. Sanderson
                        Michael G. Sanderson (0008521)
                        SHUMAKER, LOOP & KENDRICK, LLP
                        North Courthouse Square
                        1000 Jackson Street
                        Toledo, Ohio 43604
                        Telephone:  (419) 241-9000
                        Fax:        (419) 241-6894
                        E-Mail      msanderson@slk-law.com
                        Attorneys for Plaintiff


                        **JURY DEMAND**

Plaintiff demands a jury on all issues so triable.


                        /s/ Michael G. Sanderson
                        Michael G. Sanderson
                        Shumaker, Loop & Kendrick, LLP

                        Attorneys for Plaintiff

## <u>VERIFICATION</u>

STATE OF *NEW YORK*     )
                        ) ss:
COUNTY OF *NASSAU*      )

Paul Katz, under oath, verifies that the factual statements in the Complaint are true to the best of his knowledge, information and belief.

_____
Paul Katz

Sworn to before me and subscribed in my presence this __8__ day of September, 2009.

_____
Notary Public

AMY E. MARNIKA
Notary Public, State of New York
No. 01MA6196190
Qualified in Suffolk County
Term Expires Dec 29, 20__2